PER CURIAM:
Claimant, Elvin E. Thompson, a former inmate at Mt. Olive Correctional Complex, brought this action against respondent to recover $1,222.00 which he alleges was deducted from his Veterans’ benefits as a result of respondent’s negligence in failing to notify timely the Veterans Administration of his incarceration.
A hearing was conducted by the Court in this claim on September 10, 2003, at which time claimant testified as to the facts and circumstances giving rise to this claim. Claimant was incarcerated at Mt. Olive Correctional Complex on February 3, 1997. Claimant was receiving Veterans’ benefits prior to his incarceration in the amount of $94.00 per month. He continued to receive $94.00 per month while incarcerated at Mt. Olive from February 3, 1997, through April 22, 1999, for a total amount of $1,222.00. The Department of Veterans Affairs’ rules provide that a veteran’s benefits are to be restricted if a veteran is convicted of a felony and imprisoned for more than sixty days. Once incarcerated, the veteran’s benefits are reduced to ten percent of the actual monthly benefit of which the veteran then receives five percent. The Department of Veterans Affairs’ rules provide that the overpayment of benefits to an incarcerated veteran based upon his failure to notify the Department of Veterans Affairs of his incarceration results in the loss of all financial benefits until the overpayment is recovered. In this particular instance, the Department of Veterans Affairs was not notified of claimant’s incarceration until April 22, 1999, when Kenneth Watson, Veterans Affairs liaison for respondent, contacted the Department of Veterans Affairs informing it that claimant was incarcerated. As a result, the Department of Veterans Affairs took the position that, since it received late notice of claimant’s incarceration, claimant was over paid in the amount of $94.00 per month for the period of time between February 3,1997 to April 22, 1999, in the amount of $1,222.00. As a result of the overpayment, the Department of Veterans Affairs stopped paying claimant any benefits until the overpayment was recovered. If the Department of Veterans Affairs had been notified timely of claimant’s incarceration, he would have received a reduced benefit of $47.00 per month, instead of the $94.00 per month, and he would not have been charged with the overpayment. Claimant testified that he was unaware that he was required to notify the Department of Veterans Affairs of his incarceration. He testified that he informed employees of Mount Olive Correctional Complex, when he was first processed, that he was a disabled veteran and he thought “it would be handled from there.” Claimant stated that the Department of Veterans Affairs was not corresponding with him at the prison even though the Department knew he was there. He stated that the Department continued sending mail to his home address and that he had no way of getting notification from his home while in prison. However, claimant testified that his sister was designated by him to receive his mail including the mail from the Department of Veterans Affairs, but he is unclear whether she was the payee on his benefit check. He testified that she had access to his bank account and that his benefit check was to be deposited directly to his bank account. Further, he testified that he did not know that Mount Olive had a Veterans Affairs liaison that he could communicate with until it was too late. According to claimant, if *126 respondent had notified the Department ofVeterans Affairs in a timely manner that he was incarcerated, he wouldhave been receiving $47.00 permonth, for twenty-six months for a total amount of $1,222.00, which is the amount he was entitled to recover. However, claimant states that since respondent failed to notify the Department of Veterans Affairs, in a timely manner he continued to receive $94.00 per month for twenty-six months for a total amount of $2,444.00. Thus, claimant was overpaid in the amount of $ 1,222.00, which is the difference between $94.00 for twenty-six months, and $47.00 for twenty-six months. Further, when the Department of Veteran Affairs sought to recover the $1,222.00 from claimant, it did so by eliminating claimant’s monthly benefits and recovered the overpayment in thirteen months. According to claimant, this presented an economic hardship for him by forcing the total repayment in such a short period of time. He testified that the benefits were recovered much quicker than it was paid out.
Respondent contends that it was not responsible for notifying the Department ofVeterans Affairs that claimant was incarcerated and that claimant’s overpayment and subsequent loss of benefits, if any, was not the, fault of the respondent. Further, respondent contends that claimant did not suffer damages and may not recover any award.
Kenneth Watson, an employee of respondent’s at Mount Olive Correctional Center, serves as the liaison between respondent and the Department of Veterans Affairs. He testified that as the liaison, he corresponds with inmates and the Department of Veterans Affairs, and that he is familiar with the rules and regulations regarding the benefits of incarcerated veterans. Mr. Watson testified that it is the inmate’s responsibility to notify the Department ofVeterans Affairs of his incarceration, and not the respondent’s responsibility. According to Mr. Watson, he does not notify the Department ofVeterans Affairs of an inmate’s incarcerated status unless contacted by the Department regarding the inmate. Mr. Watson stated that the Department ofVeterans Affairs made an inquiry about the claimant which is what prompted him to send a notice of claimant’s incarceration on April 22, 1999. Mr. Watson also testified that, while respondent does not have a written policy regarding whose responsibility it is to contact the Department of Veterans Affairs, respondent does provide a form to inmates during “intake” that the inmate can state whether or not he has served in the military. Respondent produced a copy of claimant’s intake form from Mt. Olive Correctional Complex and claimant did not indicate that he was a veteran. Further, respondent submitted the Department of Veterans Affairs’ rules into evidence which deals with incarcerated veterans. Rule 14.2.1 states in part, if the veteran continues to receive benefits after sixty days of incarceration, it will result in an “overpayment”. “The VA considers it the recipient’s fault if this occurs because the recipient failed to notify the VA of his/her incarceration.” Further, respondent asserts that claimant did not incur any out-of-pocket damages as a result of the overpayment. Claimant admitted that he was unjustly enriched by receiving the $ 1,222.00, and that the Department of Veterans Affairs stopped paying claimant’s benefits only long enough to collect the overpayment of $1,222.00.
The Court is of the opinion that respondent was not negligent in failing to notify the Department of Veterans Affairs that claimant was incarcerated. Claimant failed to produce evidence that respondent had a duty to notify the Department ofVeterans Affairs of his incarceration. Given the evidence presented, the Corn! is of the opinion that claimant had the duty to notify the Department of Veterans Affairs that he was incarcerated in a timely manner. Claimant seems to have been confused as to whether or *127 not his sister was designated as his “payee” while he was incarcerated and the testimony is unclear on this issue. However, claimant testified that she was designated to receive his mail, and, therefore, it would be unreasonable to hold respondent liable for not sending relevant information to the Department regarding the claimant’s incarceration. Claimant was in the best position to notify the Department of Veterans Affairs of his status. Regardless, even if the respondent did have a duty to notify the Department of Veterans Affairs, the claimant did not suffer any damages. He was overpaid by the Department of Veterans Affairs while incarcerated and the Department simply recovered the amount of the overpayment and nothing more.
Accordingly, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.